UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EVELYN GOMEZ,                                                                    25 CV 6457

                 Plaintiff,
                                                                                                **COMPLAINT**
   -against-
                                                                                                JURY DEMAND
THE CITY OF NEW YORK, DETECTIVE
NICHOLAS MITCHELL [TAX REG. # 953117],
P.O. CALVIN ECHEVARRIA [TAX REG.
# 972620] AND JOHN DOE #1-2 (the names
John Doe being fictitious as their true names
are presently unknown),

                 Defendants.
-----------------------------------------------------------X

       Plaintiff, Evelyn Gomez, by her attorney, The Law Office of Philip Akakwam, P.C., complaining of the defendants herein, The City of New York, Detective Nicholas Mitchell [Tax Reg. # 953117], P.O. Calvin Echevarria [Tax Reg. # 972620] and John Doe #1-2 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. The plaintiff was at all times material herein a resident of the City and State of New York.

5. Defendant The City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Nicholas Mitchell [Tax Reg. # 953117] was at all times material herein a police officer or detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Calvin Echevarria [Tax Reg. # 972620] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9. Defendants John Doe #1-2 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

10. Defendants Mitchell, Echevarria and John Doe #1-2 are collectively referred to herein as "defendant officers".

11. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On May 26, 2024, at approximately 3:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause on 34th Street, between 6th and 7th Avenues, New York, New York, and detained her for many hours and thereafter released her without any charges.

13. The plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

14. At the time of her arrest, the plaintiff had just exited an Old Navy Store and was crossing the street to go to a Macy's store down the street when defendant officers descended upon her and grabbed her with great force.

15. Defendant officers tightly handcuffed the plaintiff with her hands placed behind her back causing the plaintiff to experience pain and numbness.

16. The defendant officers unlawfully and illegally searched the plaintiff's person and property without having probable cause to do so.

17. Defendant officers did not recover any contraband from their unlawful search of plaintiff.

18. The plaintiff inquired on multiple occasions as to the reason for her arrest.

19. Defendant officers did not respond to the plaintiff's inquiries.

20. Then defendant officers forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to the Midtown South Precinct where plaintiff was processed, or otherwise photographed and fingerprinted.

21. Later, the plaintiff was told that she was arrested because an unidentified individual had claimed that she was present at the scene where that individual allegedly lost $30 playing a card game.

22. After detaining the plaintiff at the precinct for many hours, plaintiff was issued a Desk Appearance Ticket (DAT) indicating offense charged as N.Y. PL 165.30(1) 'Fraudulent Accosting'.

23. And while still at the precinct, another officer claimed to recognize plaintiff from Argos Camera from about one (1) year prior to the incident alleged herein.

24. According to said officer, an unspecified person had made a complaint more than one year prior to the incident alleged herein claiming to have seen plaintiff playing a three-card monte game.

25. Following this allegation by the officer at the precinct, plaintiff was issued a second DAT indicating offense charged as N.Y. PL 225.05 'Promoting

      Gambling in the Second Degree'. However, this DAT did not even indicate the date of the alleged offense.

26. Both DATs mandated plaintiff to report to the New York County Criminal Court on June 12, 2024, to defend the criminal charges.

27. At some point following her arrest, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

28. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged offenses, and later forwarded to the prosecutors their falsified police records and reports.

29. However, after reviewing the records received from the defendant officers, the District Attorney's Office declined to prosecute the plaintiff.

30. As a result of the aforesaid actions by defendants, plaintiff suffered serious physical injuries, emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST UNDER 42 U.S.C. §1983 - against defendant officers</u>

31. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

32. Defendant officers arrested the plaintiff and caused her to be imprisoned without probable cause or reasonable grounds.

33. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment.

34. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

35. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SECOND CAUSE OF ACTION: UNLAWFUL SEARCH & SEIZURE UNDER 42 U.S.C. §1983 - against defendant officers

36. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

37. The defendant officers searched or caused the plaintiff and/or her property to be searched without any individualized reasonable suspicion that she was concealing weapons or contraband.

38. The conduct of defendant officers, as described herein, amounted to an improper and unlawful search and seizure.

39. The foregoing unlawful search violated plaintiff's right to privacy guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

40. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### THIRD CAUSE OF ACTION: EXCESSIVE USE OF FORCE UNDER 42 U.S.C. § 1983 - against defendant officers

41. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

42. Defendants' use of force against plaintiff was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted the defendants.

43. The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

44. The foregoing conduct of the defendants violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

45. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983 - against defendant officers

46. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

47. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

48. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff was observed to be street gambling and manipulating 3 cards on top of a cardboard box with the intent to defraud another and was observed exchanging U.S. currency with other participants.

49. The plaintiff was deprived of her liberty as a result.

50. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

51. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C. §1983 - against defendant officers.

53. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

54. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights, as more fully detailed above.

55. Nonetheless, each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

56. The conduct of the defendant officers, as described herein, violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

57. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY UNDER 42 U.S.C. § 1983 - against defendant City.</u>

58. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

59. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the constitutional prohibition against racial profiling, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

60. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in gambling and other crimes.

61. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

62. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial

7

        profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

63. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

64. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-17th Precinct alleging, among other things, that the police officers falsely arrested and/or maliciously prosecuted the plaintiffs without probable cause.

65. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

66. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff herein.

67. Defendant City of New York maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

68. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process, as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

69. Consequently, the plaintiff has been damaged and hereby demands compensatory damages in an amount to be proven at trial against the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION ARTICLE 1, §§ 5, 6, 11 & 12 – against defendants

70. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

71. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

72. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

73. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

74. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of the plaintiff's state constitutional rights.
75. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHT CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) – against defendant officers.

76. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.
77. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.
78. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants.

79. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.
80. As a result of the conduct of defendant officers, the plaintiff sustained bodily injuries with the accompanying pain.
81. The conduct of the defendants, as described herein, amounted to assault and battery.
82. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City.

83. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.
84. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or

representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

85. Upon information and belief, Defendant City failed to properly screen, hire and/or retain the defendant officers.

86. Upon information and belief, Defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

87. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

88. Upon information and belief, the defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

89. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and,

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      August 6, 2025

                                              */s/ Philip Akakwam*
                                              Law Office of Philip Akakwam, P.C
                                              303 Livingston St., 2nd Floor
                                              Brooklyn, NY 11217
                                              (718) 858-2488
                                              Email: pakakwam@gmail.com